**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **TARA MONTAGNINO,** | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:22-cv-00001** |
| | § | |
| | § | |
| **COLEMAN AMERICAN MOVING** | § | |
| **SERVICES, INC., and ALLIED VAN** | § | |
| **LINES, INC., BOTH D/B/A as** | § | |
| **COLEMAN-ALLIED, SIRVA INC.,** | § | |
| **and SIRVA WORLDWIDE, INC.,** | § | |
| **BOTH D/B/A as ALLIED,** | § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Coleman American Moving Services, Inc. ("Coleman"), Allied Van Lines, Inc. ("Allied"), Sirva, Inc. ("Sirva"), and Sirva Worldwide, Inc. ("Sirva Worldwide") (collectively "Defendants"), file this Notice of Removal and respectfully show the Court the following:

1.     This case concerns the interstate shipment of Plaintiff's household goods from Texas to New York and claims related to alleged loss or damages to those goods arising from the interstate transportation.  On or about December 3, 2021, an action was commenced against Defendants in the 205th Judicial District Court, El Paso County, Texas, entitled: *Tara Montagnino v. Coleman American Moving Services, Inc., and Allied Van Lines, Inc., both d/b/a as Coleman-Allied, Sirva, Inc., and Sirva Worldwide, Inc., both d/b/a as Allied*, with the assigned cause number of 2021DCV4170.  The following documents are attached as exhibits to this Notice of Removal and are incorporated herein:

- An index of the state court filings is attached hereto as Exhibit 1.

- *Plaintiff's Original Petition* is attached hereto as Exhibit 1A.

- The state court's register of actions, dated December 29, 2021, is attached hereto as Exhibit 2.

2.     Defendants' first receipt of *Plaintiff's Original Petition* was by receipt of the Petition from a non-party to this action.  Apart from the documents reflected in Exhibit 1, no other pleadings have been filed.  All defendants consent to this removal.  No citations have been issued by the State Court, and no party has been served.

3.     This Notice of Removal is timely because it is being filed within thirty (30) days of Defendants' first receipt of *Plaintiff's Original Petition*.  *See* 28 U.S.C. §1446(b).

4.     Removal of a civil action from state court to federal court is governed by 28 U.S.C. § 1441, *et seq*.  Section 1441(a) states:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over federal questions, such as those involving federal laws such as the Carmack Amendment here.  *See* 28 U.S.C. § 1331.  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  "A state court lawsuit is removable to federal court if it includes a claim arising under federal law."  *Matrix Chem., LLC v. Fedex Freight, Inc*., No. 4:15-CV-779, 2016 WL 260948, at *1 (E.D. Tex. Jan. 21, 2016).

This Court has original, federal-question jurisdiction over Plaintiff's action because it is completely preempted by the Carmack Amendment.  *See* 28 U.S.C. § 1331; *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).  The Carmack Amendment, codified at 49 U.S.C. § 14706, governs liability of those who provide transportation services in interstate commerce within

the jurisdiction of the Surface Transportation Board and claims for loss or damage to shipments moved in interstate commerce.

State and common law claims involving interstate transportation are completely preempted under the Carmack Amendment. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (The Carmack Amendment is "*the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*.") (emphasis in original); *Patriot Signs, Inc. v. SAIA Motor Freight Lines, LLC*, 616 F. Supp. 2d 646, 648 (N.D. Tex. 2009). Where, as here, a plaintiff files suit in state court and asserts state-law claims to recover damages for the loss of and/or damages to household goods arising from the interstate transportation of those goods, such claims are completely preempted by the Carmack Amendment, and a defendant may remove the same to federal court. *See Duerrmeyer v. Alamo Moving & Storage One, Corp.*, 49 F. Supp. 2d 934, 935 (W.D. Tex. 1999) (holding that defendant's removal was proper because plaintiffs' state law claims were completely preempted by the Carmack Amendment); *see also Matrix Chem.*, 2016 WL 260948, at *2 (discussing that "[b]oth the Supreme Court and the Fifth Circuit have held that the Carmack Amendment preempts all state law claims against a common carrier" and holding that carrier's removal was proper because the Carmack Amendment completely preempted plaintiffs' state law claims).

5. Here, Plaintiff's claims against Defendants all arise from the interstate transportation of Plaintiff's household goods from El Paso, Texas to New York. *See* Exhibit 1A (Plaintiff's Original Petition) at 4, ¶20. Specifically, Plaintiff alleges that she contracted with Defendants "to pick up Plaintiff's belongings in El Paso County, Texas, store the belongings in El Paso County, Texas, and then transport the belongings to the final destination in New York State." Exhibit 1A at 4, ¶20. Plaintiff's household goods were allegedly lost in transit for a period of time and then

delivered late.  *See* Exhibit 1A at 4, ¶25-27; 7, ¶44.  Upon arrival in New York, it was discovered that "[n]umerous household goods were lost or stolen and delivered items were in a damaged condition."  *See* Exhibit 1A at 7, ¶45.  As a result, Plaintiff seeks compensation for such damages, including attorney's fees and mental anguish damages.  Exhibit 1A at 7, ¶46.  To recover damages related to this interstate shipment, Plaintiff asserts various state and common law claims against Defendants, including: DTPA violations, Fraud, Negligence, Negligent Misrepresentation, and Breach of Contract.  *See* Exhibit 1A at 8-10.

Because Plaintiff's alleged damages and claims arise from the alleged losses and/or damages to household goods occurring during interstate transit via a motor carrier, Plaintiff's state and/or common law claims are completely preempted by, subject to, and governed by the Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment").  *See* 49 U.S.C. §§ 14706, 13501(1).

Although Plaintiffs has pled only state and common law causes of action, Plaintiff's lawsuit stems from the alleged loss of and/or damages to household goods shipped from one state to another.  *See* Exhibit 1A at 4, ¶20.  Therefore, Plaintiff's state and/or common law claims are completely preempted by the Carmack Amendment, and Plaintiff's action is in fact federal in nature and qualifies as a federal question on its face.  *See Hoskins*, 343 F.3d at 778; *see also Moffitt v. Bekins Van Lines Co*., 6 F.3d 305, 307 (5th Cir. 1993).  Thus, Plaintiff's claims, and this action, are removable under 28 U.S.C. § 1441; *see also Duerrmeyer*, 49 F. Supp. 2d at 937.

6.      Title 28 U.S.C. § 1337(a) grants original jurisdiction only to Carmack Amendment cases exceeding $10,000 in controversy.  Here, Plaintiff seeks "relief over $1,000,000."  Exhibit 1A at 2. Thus, the amount in controversy requirement has been satisfied for the Court to have

original jurisdiction over Plaintiff's claims for damages, which are governed by the Carmack Amendment.

7.      In summary, Plaintiff's action against Defendants arises from the interstate transportation of Plaintiff's household goods by a motor carrier, which is completely preempted by federal law, and Plaintiff's claim exceeds $10,000, and thus qualifies for removal under 28 U.S.C. §§ 1337(a) and 1445(b).  Therefore, this matter is properly removable.

8.      Moreover, Plaintiff could have originally brought her claims for damages in this Court, as there is federal-question jurisdiction, and venue is proper in this Court.

9.      Written notice of the filing of this Notice of Removal has been given to all parties herein, and a copy of this Notice is being filed with the 205th Judicial District Court, El Paso County, Texas.

WHEREFORE, Defendants remove this action from the 205th Judicial District Court, El Paso County, Texas to this Court on or about this, the 3rd day of January 2022, pursuant to 28 U.S.C. § 1446.

Respectfully submitted,

*/s/ Vic Houston Henry*__
Vic Houston Henry
TBA No. 09484250
vhhenry@hoaf.com
Emileigh Hubbard
TBA No. 24076717
ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER,**
    **A Professional Corporation**

1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile:  (214) 658-1919

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

I hereby certify that, on January 3, 2022, a true and correct copy of the foregoing instrument was served via the Court's ECF system on the following counsel of record in accordance with the Federal Rules of Civil Procedure.

VICTOR F. POULOS
State Bar No.: 16184700
ANDREW J. CAVAZOS
State Bar No.: 24095414
POULOS & COATES, LLP
1802 A venida de Mesilla
Las Cruces, NM 88005
PH: (575) 523-4444
FAX: (575) 523-4440
EMAIL: victor@pouloscoates.com
andrew@pouloscoates.com
*Attorneys for Plaintiff*

By:  */s/ Vic Houston Henry*
        Vic Houston Henry